# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

       Petitioner,    :    Case No. 3:22-cv-070

- vs -    District Judge Michael J. Newman
  Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

  :

       Respondent.

## DECISION AND ORDER

    This habeas corpus case, brought *pro se* by Petitioner Brandon Dixon, was transferred to the undersigned to help balance the Magistrate Judge workload in this District (Transfer Order, ECF No. 14).  It is before the Court for initial case review upon transfer.

    Petitioner Dixon filed this action March 11, 2022.  His original Petition does not use the form prescribed for petitions under 28 U.S.C. § 2254, nor does it contain the information required by that form.  The document labeled Petition also includes motions for appointment of counsel, for an evidentiary hearing, for expansion of the record, and for immediate release (ECF No. 1).  It is accompanied by over 150 pages of additional material, including an Affidavit of the Petitioner and the Affidavit of Madison Burkitt, who purports to have been a passenger in the vehicle driven by Petitioner at the time of his arrest.

1

Two weeks later Dixon filed what purports to be an Amended Complaint with Brady Violations (ECF No. 3).  Upon cursory examination, the Amended Complaint fails to include or attach much of the material filed in or with the original Petition.

On March 30, 2022, Magistrate Judge Deaver, to whom the case was then assigned, ordered the Attorney General to file an answer within sixty days (ECF No. 4).  She later expanded that time to July 22, 2022 (ECF No. 12).  In the meantime Petitioner has filed numerous other motions which are decided hereinafter.

**Motions for Immediate Release**

Petitioner has several times moved the Court to release him immediately without bond on home confinement pending the resolution of the case (ECF Nos. 6, 7, and 9).  Several of these requests are labeled as motions for preliminary injunction without notice.

The Supreme Court has held that ordinary civil process used to correct unconstitutional errors (42 U.S.C. § 1983) cannot be substituted for proceeding under the Rules Governing § 2254 Cases.  *Preiser v. Rodriquez*, 411 U.S. 475 (1973).  A district court sitting in habeas has authority to admit a prisoner to bail pending a final decision.  *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964).  However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits.  *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in

> chambers);  see *Martin v. Solem,* 801 F.2d at 329-330;  *Iuteri v. Nardoza*, 662 F.2d at 161.  There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  At this stage of the case, Petitioner has not made the required showing of clear merit and exceptional circumstances.  His request for admission to bail is DENIED.  Insofar as he insists upon their characterization as motions for preliminary injunction, they are not properly made in a habeas corpus case and are therefore stricken.

**Motions for Appointment of Counsel**

At several point in the case so far, Petitioner has moved for appointment of counsel, in particular asking for Attorney Joseph Patituce (ECF Nos. 6, 7).  While the Court has authority to appoint counsel under 18 U.S.C. § 3006A, Congress has no appropriated sufficient funds to make this possible in all case in which it is authorized; funds must generally be reserved for appointed counsel in cases in which it is mandatory, for example, criminal cases in our original jurisdiction where incarceration is possible and habeas corpus cases involving the death penalty.  Petitioner's motions for appointment of counsel are DENIED.

**Evidence Outside the State Court Record**

Without seeking or obtaining leave of Court to do so, Petitioner has filed numerous documents which are not part of the state court record in an attempt to prove facts relevant to his case.  Habeas Rule 7 provides for expansion of the record on Court permission, but only as an expansion of material that was before the state courts.  Moreover, the Supreme Court has severely

limited the extent to which we may consider evidentiary material not before the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). To ensure compliance with that precedent and an organized presentation of evidence, all materials heretofore filed by Petitioner which were not within the state court record considered by the Ohio courts are STRICKEN, without prejudice to their presentation with a motion to expand the record filed after the State has answered the Petition.

**Order for Definite Statement**

Petitioner's pleadings are not organized in such a way as to facilitate this Court's analysis of the claims made. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In order to facilitate the Court's analysis, Petitioner is ordered to file, not later than August 1, 2022, a definite statement of the constitutional claims he is making, following the form suggested by the standard form for habeas petitions. That is, he shall separately number the claims he is making and accompany each such claim with a statement of facts in support. For example,

4

5

the definite statement might say: " Ground One:  Petitioner was denied his Fourteenth Amendment right to due process as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), when the State failed to produce the following exculpatory evidence:  . . ." or "Ground Two:  Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his trial attorney  . . .."

IT IS SO ORDERED.

July 7, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge