IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

        Petitioner,      :    Case No. 3:22-cv-070

  - vs -                            District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                          :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Brandon Dixon, is before the Court on Dixon's filing of his Second Amended Petition (ECF No. 16).  Upon initial review under Rule 4 of the Rules Governing § 2254 Petitions, the undersigned found Dixon had not stated a claim for relief cognizable in habeas corpus and ordered him

> to file, not later than August 1, 2022, a definite statement of the constitutional claims he is making, following the form suggested by the standard form for habeas petitions.  That is, he shall separately number the claims he is making and accompany each such claim with a statement of facts in support.  For example, the definite statement might say:  " Ground One:  Petitioner was denied his Fourteenth Amendment right to due process as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), when the State failed to produce the following exculpatory evidence:  . . ." or "Ground Two: Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his trial attorney . . .."

(ECF No. 15, PageID 351.)

Upon review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge

1

finds Dixon's Second Amended Petition is untimely.

Dixon was convicted in the Clark County Court of Common Pleas on one count of felonious assault and one count of operating a motor vehicle under the influence of alcohol at the felony four level on June 18, 2015, and sentenced to 10.5 years imprisonment(Petition, ECF No. 16, PageID 353).  The conviction and sentence were affirmed by the Ohio Second District Court of Appeals on May 6, 2016. *Id.* Dixon did not appeal to the Supreme Court of Ohio. *Id.* at PageID 354.

On February 21, 2017, Dixon moved to withdraw his guilty plea on grounds of ineffective assistance of trial counsel and manifest injustice. *Id.* at PageID 355.  The Common Pleas Court denied relief and Dixon appealed.  The Second District affirmed and the Supreme Court of Ohio declined jurisdiction on July 23, 2019. *Id.* at PageID 356-57.

Dixon pleads the following grounds for relief:

> **Ground One**: Dixon's Constitutional Right to counsel was violated, when trial counsel Jay Adams acted as an adversary to Dixon by aiding prosecution in obtaining Dixon's conviction rather than acting as an advocate.
>
> **Ground Two:**  Prosecutor committed misconduct resulting in violation of Petitioner's right to Due Process, by both violating Petitioner's right to Speedy Trial and prosecuting without sufficient evidence.
>
> **Ground Three:**  Trial court erroneously imposed harshest sentence possible based upon assumption of falsehood being a fact.
>
> **Ground Four:**  The trial court erred by denying Dixon's motion to withdraw his guilty plea.

(ECF No. 16).

The standard form Petition in habeas corpus asks the petitioner to explain why his or her petition is timely filed.  With respect to all four of his grounds for relief, Dixon responds:

2

> The one year period of limitation in this case runs from the date on which the factual predicate could have been discovered through the exercise of due diligence, which in Petitioner's case is October 9, 2021, leaving a little over two months from this filing to still be timely filed.

PageID 366.

With respect to all grounds for relief, he claims the statute did not begin to run until "the date on which the factual predicate could have been discovered through the exercise of due diligence, which in Petitioner's case is October 9, 2021, leaving a little over two months from this filing to still be timely filed." *Id.* at PageID 364.

Dixon's claim is completely opaque to the Court. He gives no clue as to what he discovered on October 9, 2021, or why it is significant to this case. On its face, the claim is without merit. The factual predicate for Ground One – ineffective assistance of counsel by Jay Adams – would have been complete on the date of sentencing in June 2015. What happened after that on October 9, 2021, to extend the start date of the statute to October 9, 2021? Dixon makes no legal or factual argument for the later date.

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

>> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Dixon is evidently relying on the language in § 2254(d)(2)(D), but he gives the Court no facts on which to base a finding under that section. In the absence of any proof by Dixon of finding any legally significant fact on October 9, 2021, that date is legally insignificant to the case.

The statute of limitations is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c). A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). Dixon will have an opportunity to respond if he files objections to this Report.

**Conclusion**

Dixon's Second Amended Petition is barred from the statute of limitations and should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

July 29, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

\#