IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

        Petitioner,       :    Case No. 3:22-cv-070

  - vs -                        District Judge Michael J. Newman
                                Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                    :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON PRIMA FACIE ESTABLISHED CLAIMS OF PLEADINGS

This habeas corpus case, brought *pro se* under 28 U.S.C. § 2254 by Petitioner Brandon Dixon, is before the Court on Petitioner's Motion for Appointment of Counsel "on Prima Facie Established Claims of Pleadings" (ECF No. 34).

Dixon moves for appointment of counsel under 18 U.S.C. § 3006A. Dixon has moved for appointment of counsel on several prior occasions. Appointment under § 3006A was previously denied by the undersigned (ECF No. 15). It is again denied for the reasons given in that Order.

Dixon has persistently failed and refused to file a definite statement of what constitutional claims he is making in this case. Most recently he sought a thirty-day continuance "to file a definite statement of constitutional claims" (ECF No. 18). On August 10, 2022, the Court granted a thirty-six day continuance for that purpose and further provided:

1

> Petitioner shall file a definite statement of all the claims for habeas corpus relief he wishes to make in this case not later than September 15, 2022. As to each such claim, Petitioner is ordered to include the information required for habeas corpus claims by the standard form petition. To guide Petitioner in forming his definite statement, the Clerk shall furnish him with a blank habeas corpus petition form.

(Decision and Order, ECF No. 19, PageID 380). Petitioner has not appealed from that Order and his time to do so has expired. In fact the Order gave him almost a week more than he asked for, but as of the date of this Order (September 6, 2022), he has filed hundreds of pages of motions, none of which constitutes a definite statement of his claims. Unless Dixon files the required definite statement within the time allowed, the Magistrate Judge will recommend dismissal of the Petition for failure to prosecute.

Dixon apparently still believes that Magistrate Judge Deavers' Order for Answer constitutes a prima facie finding that he is entitled to relief. What the Order actually holds is "it does not plainly appear from the face of the Petition, as amended, and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court." This is a standard form order entered in habeas corpus cases to require filing of the state court record. That filing has been delayed by Dixon's persistent failure to refusal to state, with the particularity required by the Rules Governing § 2254 Cases, what constitutional violations be believes he suffered which would entitle him to habeas corpus relief.

From the instant Motion, it appears Dixon believes one such claim is that he was put twice in jeopardy by the second indictment, the one on which he was sentenced. Considering the two transcripts he has tendered purely for purposes of the instant Motion, that claim appears to be without merit. Jeopardy attaches in a jury trial when the jury is sworn. *Martinez v. Illinois*, 134 S. Ct. 2070 (2014); *Crist v. Bretz*, 437 U.S. 28 (1978).

The Motion for Appointment of Counsel is DENIED.

September 6, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge