# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

        Petitioner,    :    Case No. 3:22-cv-070

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                 :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO STRIKE

        This habeas corpus case, brought *pro se* under 28 U.S.C. § 2254 by Petitioner Brandon Dixon, is before the Court on Petitioner's Motion to Strike Magistrate Judge Michael R. Merz Orders (Doc. No. 15, 19, 21 & 23) as Lacking Authority to "Overrule" Magistrate Judge Elizabeth P. Deavers Orders (Doc. No. 4 & 12).

        Dixon purports to address the Motion to District Judge Newman.  As the undersigned has previously pointed out, litigants do not get to choose which judges will originally or ultimately rule on their motions.  Initial decision of all non-dispositive pretrial motions in this case, as in all habeas corpus cases, has been referred to the assigned United States Magistrate Judge.

        The Motion to Strike is denied for the following reasons.

        First of all, the proper method to obtain review of a Magistrate Judge's decisions is by objection under 28 U.S.C. § 636(b).  The statute provides a fourteen-day time limit for filing such

objections and more than fourteen days has expired since each of the complained-of orders was filed.

Second, none of the complained-of orders purports to "overrule" anything Judge Deavers did before the case was transferred to the undersigned at Judge Deavers' request. To the extent those orders modify what Judge Deavers did, the actions were necessary to manage the litigation. For example, it is frequently necessary to extend the time for a Respondent to answer because the state court records must be obtained from County Clerks of Court who do not always give compliance with Attorney General requests for records top priority.

Dixon somehow regards the order for a definite statement as imposing on him a pleading obligation more onerous than ordinarily applies in these cases. Not so. The order requires only that he provide the detail called for by the standard form for habeas corpus petitions and nothing more.

September 6, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge