# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

        Petitioner,      :      Case No. 3:22-cv-070

  - vs -                             District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                             :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Brandon Dixon to obtain relief from his conviction for operating a motor vehicle while under the influence of alcohol ("OMVI"). It is before the Court *sua sponte* to sanction Petitioner's failure to comply with a direct court order.

Petitioner brought this action at the Dayton location of Court on March 11, 2022, and it was assigned to District Judge Michael J. Newman. Pursuant to General Order 22-05 and the Court's practice of referring all § 2254 cases randomly to one of the Magistrate Judges, it was assigned initially to The Honorable Elizabeth Preston Deavers. Applying Rule 4 of the Rules Governing § 2254 Cases, she concluded that it did not appear from the face of the Petition and any exhibits that Dixon was not entitled to relief and she ordered Respondent to answer (ECF No. 4).

On June 14, 2022, Judge Deavers extended Respondent's time to answer to and including July 22, 2022 (ECF No. 12). Before that date arrived and at Judge Deavers' request, the case was transferred to the undersigned (ECF No. 14). Upon examination of the case upon transfer, the

undersigned decided all of Petitioner's pending pre-answer motions (ECF No. 15). The same Order noted that the Petition was not in the form required by the Habeas Rules and did not include the information called for by that form. To remedy that situation, the Petitioner was ordered

> to file, not later than August 1, 2022, a definite statement of the constitutional claims he is making, following the form suggested by the standard form for habeas petitions. That is, he shall separately number the claims he is making and accompany each such claim with a statement of facts in support. For example, the definite statement might say: "Ground One: Petitioner was denied his Fourteenth Amendment right to due process as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), when the State failed to produce the following exculpatory evidence: . . ." or "Ground Two: Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his trial attorney . . .."

*Id.* at PageID 351-52.

Since the date of that Order on July 7, 2022, Petitioner has filed fourteen pleadings comprising 202 pages of text. Despite having filed many sets of objections to the undersigned's orders in the case, Petitioner has never objected to the order for definite statement. But neither has he filed the ordered definite statement.

Dixon certainly recognizes his obligation and has stated his intention to comply. As recently as September 9, 2022, Dixon wrote:

> All of the asserted claims that are within the definite statement rests [sic] upon the original complaint and exhibits attached. Petition will be fully complying with the order of the court to file the definite statement by September 15, 2022.

(ECF No. 38, PageID 627). As of today, September 23, 2022, Dixon has not filed the definite statement nor has he sought or obtained an extension of time to do so.

Habeas Rules 2(c) and (d) provide

> **(c) Form.** The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;

2

> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
> **(d) Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

A cursory examination of Dixon's initial filing reveals its failure to comply with Rule 2. First of all, Dixon has included in one document demands for appointment of counsel, discovery, an evidentiary hearing, and a motion for preliminary injunction. Instead of pleading separate grounds for relief with supporting facts, Dixon pleads a narrative of events and drops in, from time to time, reference to various provisions of the Constitution.

Without commenting on the form of the Petition or its compliance with Habeas Rule 2, Magistrate Judge Deavers on March 30, 2022, issued an Order to Respondent to answer the Petition upon her finding that "it does not plainly appear from the face of the Petition, as amended, and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. . ." (ECF No. 4, PageID 189)."

Dixon persists in regarding Judge Deavers' Order as embodying a finding that he is prima facie entitled to relief. It is not. Instead its finding is the Petition does not show Petitioner is not entitled to relief. It does not contain any listing or analysis of the claims Judge Deavers understood Petitioner was making. In every instance when he has perceived that the undersigned's analysis differs from his reading of Judge Deavers' Order, Dixon has accused the undersigned of attempting to overruled Judge Deavers and of being biased and prejudiced. He has sought to delay further action in the case until Judge Newman reviews his Motion for Disqualification at the same time he has insisted the case be adjudicated in his favor on the basis of those portions of the State Court

Record on which he relies plus additional evidence he has submitted. For whatever reason, Dixon seems determined not to litigate this case according to the Habeas Rules.

The undersigned accepts Judge Deavers' rulings before transfer as stating the law of the case. It is now established as the law of the case that the Petition and attached exhibits do not shows Dixon is not entitled to relief. That is precisely the ruling called for before this case or any habeas case can proceed to the next stage of requiring an answer. Although Judge Deavers picked an answer date, her Order does not include or imply a finding that Respondent can properly prepare an answer in the allotted time. Moreover upon transfer of the reference to the undersigned, plenary authority within the scope 28 U.S.C. § 636 to manage the case was transferred to the undersigned, unconstrained by Petitioner's interpretation of Judge Deavers' pre-transfer actions. That includes a determination of whether the Petition is definite enough to fairly apprise Respondent and the Court of Dixon's claims. It is not.

The Order for Definite Statement was intended to sharpen the issues to the point where it would be fair to expect an answer from Respondent. Some issues, such as Dixon's double jeopardy claim, are relatively clear. But others such as the generic claim of denial of equal protection are not. Clarity is required, both out of fairness to the Respondent and to enable the Court to determine whether a particular claim has been fairly presented and exhausted in the Ohio courts.

When reiterating the order for definite statement, the undersigned cautioned Dixon that failure to comply would result in a recommendation for dismissal: "Unless Petitioner files such a definite statement of his claims within the time allowed (which is more time than he requested), the Magistrate Judge will recommend that the case be dismissed for want of prosecution." (ECF No. 33, PageID 544).

Dixon having failed to file the ordered Definite Statement within the time prescribed, it is

hereby respectfully recommended this case be dismissed without prejudice for want of prosecution. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

September 23, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
