UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 3:22-cv-70

District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

---

**ORDER: (1) DENYING WITH PREJUDICE PETITIONER'S MOTION TO CONDUCT A BIAS AND PREJUDICE REVIEW (Doc. No. 24); AND (2) DENYING AS MOOT PETITIONER'S RELATED OBJECTIONS ALLEGING BIAS AND PREJUDICE (Doc. Nos. 39, 40).**

---

This habeas case is before the Court on Petitioner's "Motion for District Judge to Conduct a Bias and Prejudice Review of Magistrate Judge Michael R. Merz's Initial Case Review" (Doc. No. 24), and Petitioner's related objections made in subsequent filings making the same allegations of bias and prejudice (Doc. Nos. 39, 40). Petitioner, in his *pro se* motion, asserts that United States Magistrate Judge Merz, to whom this case was referred to under 28 U.S.C. § 636(b), is biased and prejudiced against him. *See* Doc. No. 24. He bases this on Judge Merz's recommendations that are unfavorable to his petition, while pointing out that United States Magistrate Judge Elizabeth Preston Deavers—who conducted an initial review of the habeas petition—ordered that it be served because it passed an initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. *Id.* at PageID 497–98; *see* Doc. No. 4 (Judge Deavers's order). Judge Deavers transferred this case to Judge Merz shortly after her initial review. *See* Doc. No. 14.

Construing his claims liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), Petitioner asserts that Judge Deavers's decision—to allow his petition to be served to Respondent—means that Judge Merz erred in ruling against him. Doc. No. 24 at PageID 497–98. He suggests that Judge Merz surreptitiously ordered the case transferred in a ploy to undermine the petition's legitimacy, and Petitioner now asks this Court to employ the extraordinary remedy of disqualifying Judge Merz for bias. *See id.*

The Court finds no merit in Petitioner's arguments. Judge Merz received this case by way of a transfer order that both he and Judge Deavers agreed to. *See* Doc. No. 14. Considering this Court's ample discretion in managing its docket in an orderly and efficient way, a transfer between Magistrate Judges—to whom habeas cases are assigned in this district, *see* Gen. Order S.D. Ohio at Dayton No. 22-01 at p. 2–3 (Jan. 28, 2022)—is a harmless act done without any reasonable concern of bias. *See, e.g., Field v. Ohio Adult Parole Auth.*, No. 2:19-cv-4289, 2020 WL 1242922, at *2 (S.D. Ohio Mar. 16, 2020) (finding no bias in assignment of habeas case to another Magistrate Judge in the Southern District of Ohio because transfer was "to assist in balancing the Magistrate Judge workload in this District and had nothing to do with any evaluation of the merits").

Likewise, Judge Deavers's order—permitting this case to advance past the initial review—has no bearing on the underlying merits of Petitioner's claims. The standard of review under Rule 4 is far less exacting than a full review of a habeas petition after the case record is complete. *See, e.g.*, Rule 4 of the Rules Governing § 2254 Cases ("If it *plainly appears from the petition* and attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition" (emphasis added)); *Field*, No. 2:19-cv-4289, at *2.

Finally, the standard for disqualification is not met here. It requires proof of a disqualifying prejudice or bias that "must stem from an extrajudicial source and result in an opinion on the merits

on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). Petitioner identifies no such behavior, as he merely points to Judge Merz's "judicial rulings, [and] routine trial administration efforts," which "are inadequate" by themselves to show prejudice. *Liteky v. United States*, 510 U.S. 540, 556 (1994).

Therefore, Petitioner's motion is **DENIED WITH PREJUDICE**. Doc. No. 24. His related objections are all **DENIED AS MOOT**. Doc. Nos. 39, 40.

**IT IS SO ORDERED.**

Date:   December 20, 2022                    /s Michael J. Newman
                                                                           Hon. Michael J. Newman
                                                                           United States District Judge