# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

       Petitioner,   :   Case No. 3:22-cv-070

- vs -            District Judge Michael J. Newman
                                   Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                        :
       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254, brought *pro se* by Petitioner Brandon Dixon, is before the Court for decision on the merits. Dixon filed his Amended Petition on March 28, 2022 (ECF No. 3). After initial review under Rule 4 of the Rules Governing § 2254 Proceedings and an Order for Answer, (ECF No. 4), Magistrate Judge Elizabeth Preston Deavers transferred the reference in the case to the undersigned (ECF No. 14). Despite objections by Petitioner, the Transfer Order has been sustained (ECF No. 60).

Because the substance of Petitioner's claims was difficult to discern, the Court ordered him to file a definite statement of those claims. That Definite Statement (ECF No. 49) is the pleading to which the Warden has responded by filing, on November 28, 2022, a Return of Writ (ECF No. 55) and the State Court Record (ECF No. 54).

In the Order for Answer, Judge Deavers set a deadline for Dixon's reply/traverse of twenty-one days after the answer was filed which was December 19, 2022 (ECF No. 4, PageID 190). On

1

December 13, 2022, Petitioner filed a motion for extension of time which is internally contradictory, i.e. at one point it asks for a thirty-day extension and at another point in the same sentence for an extension to February 17, 2023 (ECF No. 56, PageID 1321). To resolve the ambiguity, the undersigned expressly extended Dixon's time until January 12, 2023 (ECF No. 57). Dixon then, on December 13, 2022, asked again for an extension of time "for thirty days," to file a reply, claiming it was his first request (ECF No. 58). The Court calculated that this would have made the due date February 17, 2023, and denied the request because it cited no extraordinary reasons for an additional month (ECF No. 59). Despite his expressed intention to do so, Dixon has not filed a reply and the deadline for doing so has passed[1]. Thus the case is ripe for decision without any reply/traverse.

**Litigation History**

On April 14, 2014, the Clark County Grand Jury indicted Dixon on five counts of aggravated vehicular assault (two in violation of Ohio Revised Code §2903.08(A)(1)(a), (Counts 1-2), and three in violation of Ohio Revised Code § 2903.08(A)(2)(b), (Counts 3-5)); two counts of operating a vehicle while under the influence of alcohol or drugs (one count in violation of Ohio Revised Code § 4511.19(A) or (B)), (Count 6), and one count in violation of Ohio Revised Code § 4511.19(A)(1)(f), (Count 7); and two counts of failure to comply with the order or signal of a police officer in violation of Ohio Revised Code §§2921.331 (B)(3) and 2921.331(C)(5), (Counts 8-9). Count 5 carried an OVI specification. (ECF 54, Exhibit 1, Case No. 2014-CR-0254; PageID

---

[1] Dixon is confined at an ODRC facility equipped with a scanner permitting electronic filing with the Court. He has routinely used this facility in the past (See, e.g., ECF Nos. 53, 56, 58). The Court is therefore not expecting to receive for docketing a reply which has already been "filed" under the "mailbox" rule. See *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

898).

Defense counsel successfully negotiated a plea agreement under which Dixon agreed to plead to lesser charges of felonious assault and operating a motor vehicle under the influence of alcohol, thus eliminating the mandatory imprisonment time associated with the aggravated vehicular assault count. To effectuate this agreement, the State agreed to dismiss the indictment and file an information with the agreed charges of one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) and one count of operating a motor vehicle under the influence of alcohol or drugs ("OVI") (Bill of Information, Case No. 2015-CR-0241, State Court Record, ECF No. 54, Ex. 3). Dixon pleaded guilty to both counts on May 13, 2015. *Id.* at Ex. 4. The trial judge then imposed consecutive sentences of eight years for the felonious assault and thirty months for the OVI, a life-time suspension of driving privileges, and a fine of $7,500. *Id.* at Ex. 5.

Represented by new counsel, Dixon appealed to the Ohio Second District Court of Appeals (Notice of Appeal, State Court Record, ECF No. 54, Ex. 8). He raised only one Assignment of Error: "The trial court erred in imposing maximum consecutive sentences upon Mr. Dixon absent consideration of mitigating factors and R.C. 2929.11 and R.C. 2929.12" (Appellant's Brief, State Court Record, ECF No. 54, Ex. 9, PageID 925). The Second District affirmed the conviction and sentence. *State v. Dixon*, 2016-Ohio-2882 (Ohio App. 2nd Dist. May 6, 2016). Dixon did not appeal further to the Supreme Court of Ohio.

On February 21, 2017, Dixon filed a *pro se* motion to withdraw his guilty plea on grounds it was not knowingly, voluntarily, and intelligently made because his counsel failed to adequately explain the sentencing penalties for pleading guilty and the consecutive sentences constitute a manifest injustice. The Common Pleas Court denied the motion to withdraw on the basis of *res*

3

*judicata* because Dixon could have but did not raise these claims on direct appeal.

The Second District allowed Dixon a delayed appeal and appointed counsel, but ultimately denied relief. *State v. Dixon*, Case No. 2017-CA-0080 (Ohio App. 2nd Dist. Apr. 12, 2019) (copy at State Court Record, ECF No. 54, Exhibit 26, PageID 1060). The Supreme Court declined jurisdiction over an appeal. *Id.* at Ex. 30.

Dixon subsequently filed an unsuccessful petition for an Ohio writ of habeas corpus (State Court Record, ECF No. 54, Exs. 31 and 32). Dixon also filed a Petition for Mandamus in the Second District Court of Appeals. *Id.* at Ex. 33. That Petition remained pending when the Respondent filed the State Court Record on November 28, 2022.

In his Definite Statement, Dixon pleads the following grounds for relief:

> **GROUND ONE:** Judicial Misconduct: The presiding Judge, Richard J. O'Neill failed to provide Procedural and Substantive Due Process, Equal Protection and Trial Rights, Double Jeopardy, and Cruel and Unusual Punishment, as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
>
> **GROUND TWO:** Prosecutorial Misconduct: Clark County Prosecutor Lisa Fannin (#82337) put petitioner Dixon twice in Jeopardy for the same act and course of conduct from February 1, 2014 in Clark County, Ohio: Case No. 2015-CR-241. As a result of an automobile accident and OVI offense, violating the equal protection, double jeopardy, procedural and substantive due process, cruel and unusual punishment and trial rights as guaranteed by the Sixth, Fifth, Fourteenth, and Eighth Amendments to the United States Constitution of America.
>
> **GROUND THREE:** Ineffective Assistance of Counsel: Defense counsel Jay A. Adams (#72135) was retained for the amount of $20,000 to represent Dixon in the Clark County Court of Common Pleas criminal proceeding, Case No. 2014-CR-254.
>
> **GROUND FOUR:** Brady Violation: Concealment and withholding evidence that is favorable to the accused, pertaining to the conviction and/or sentence.

4

(Definite Statement, ECF No. 49).

## Analysis

**Statute of Limitations**

Respondent asserts Dixon's entire Petition is barred by the statute of limitations (Return, ECF No. 55, PageID 1304).

The federal habeas corpus statute of limitations, enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By Respondent's calculation, Dixon's conviction became final on direct appeal when he failed to appeal to the Supreme Court of Ohio within the forty-five days allowed for such an appeal from judgment in an intermediate court of appeals. That date would have been June 20, 2016, and the statute of limitations would have run for 245 days until it was tolled by Dixon's motion to withdraw his guilty plea. Those proceedings were concluded June 23, 2019, when the Ohio Supreme Court declined to exercise jurisdiction and the limitations period began to run again until it expired November 21, 2019. Dixon's Petition was not filed until March 11, 2022, more than two years later (ECF No. 1).

Dixon did not use the standard form for habeas corpus petitions prescribed by Habeas Rule 2(d) and did not provide the information called for by that form in Question 18 concerning the timeliness of the Petition. He did, however, plead that he is entitled to the actual innocence exception to the statute of limitations (Definite Statement, ECF No. 49, PageID 680). He states he

>can factually demonstrate that no reasonable fact finder would have found him guilty beyond a "REASONABLE DOUBT" at a jury trial in Clark County Case No. 2015-CR-0241 Felonious Assault (2nd degree felony) and O.V.I (4th degree felony) which entitles petitioner to relief of actual innocence pass-through gateway and argue the merits of the petition. *Day v. McDonough* 547 US 198, 208 (2006).
>
>Dismissal of a Habeas petition for failure to comply with the statute of limitations is improper where a petitioner establishes a credible claim of actual innocence. *Perkin v. McQuiggins* 670 F.3d 665 (6th Cir. 2012).

(Definite Statement, ECF No. 49, PageID 680).

The actual innocence exception to the statute of limitations requires a petitioner to actually

6

produce new evidence of actual innocence, rather than promise to produce it in the future. The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

569 U.S. at 386-87 (2013). Moreover, the quality of the evidence required to pass through the actual innocence gateway is high. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)." *See also Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Dixon has presented no new evidence of his innocence, much less evidence of the quality required by *Schlup*. Thus he has failed to establish actual innocence so as to pass through the *Schlup* gateway.

7

**Procedural Default**

Respondent also asserts that merits review of Dixon's Petition is barred by his procedural defaults in presenting his claims to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an

> opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

9

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

With respect to Dixon's claims actually raised on direct appeal, the relevant Ohio procedural rule is that an appeal must be taken within forty-five days of judgment in the court of appeals. As noted above, Dixon never took a direct appeal to the Supreme Court of Ohio. The forty-five day time limit has been upheld as an adequate and independent state rule of procedure. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

With respect to claims which depend on evidence outside the record (e.g., Dixon's claim about what his trial attorney told him about sentencing), those claims must be brought by way of a petition for post-conviction relief. Dixon has never filed such a petition and the time within which he could do so has expired.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), has also been held to be an adequate and independent state procedural rule. *Durr*

10

*v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

**Conclusion**

Merits review of Dixon's Petition is barred by the statute of limitations and his procedural defaults in presenting his claims to the Ohio courts. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 19, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

11

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
