UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRANDON R. DIXON,

    Petitioner,                                         Case No. 3:22-cv-70

vs.

WARDEN, Chillicothe Correctional         District Judge Michael J. Newman
Institution,                                          Magistrate Judge Michael R. Merz

    Respondent.

---

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 61); (2) DENYING AS MOOT PETITIONER'S REMAINING AND UNRELATED OBJECTIONS (Doc. Nos. 42, 50, 53); (3) DENYING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS (Doc. No. 3) WITH PREJUDICE; (4) DENYING A CERTIFICATE OF APPEALABILITY; (5) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (6) TERMINATING THIS CASE ON THE DOCKET**

---

       This case is before the Court on the Report and Recommendation (Doc. No. 61) issued by United States Magistrate Judge Michael R. Merz.  Judge Merz recommends denying Petitioner's habeas corpus petition.  *See id.*  As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all filings in this matter.  Petitioner has not filed objections to the Report and Recommendation (Doc. No. 61), and the time for him to do so has passed.  *See* Fed. R. Civ. P. 72(a).  Consequently, this matter is ripe for review.

       Upon careful *de novo* consideration of the foregoing, the Court determines that the Report and Recommendation should be adopted.  As Judge Merz correctly found, Petitioner filed his petition over two years after his limitations period started to run, placing him well beyond the

statute of limitations. *See* 28 U.S.C. § 2244(d). Likewise, Judge Merz was also correct in concluding that Petitioner's claims are procedurally defaulted, given that (1) he never directly appealed his claims to the Ohio Supreme Court; (2) he never filed a petition for any claims that he could not raise on direct appeal within the time to do so; and (3) he ran afoul of Ohio's doctrine of *res judicata* in criminal cases by not raising claims in post-conviction proceedings that ought to have been raised on direct appeal. *See, e.g.*, *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Petitioner raised numerous objections unrelated to the ultimate disposition of his habeas petition prior to Judge Merz's ultimate report and recommendation (to which he did not object). *See* Doc. Nos. 42, 50, 53. However, these objections—attacking Judge Merz's second denial of appointment of counsel and his denial of Petitioner's motion for release pending adjudication of his petition—are moot. Petitioner's habeas corpus petition lacks merit in the ways previously identified, so any disposition on these remaining issues would be meaningless. *See Mahan v. Douglas*, --- F. Supp. 3d ---, No. 1:22-cv-10490, 2022 WL 17352566, at *1 (E.D. Mich. Dec. 1, 2022); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004). Even assuming, *arguendo*, that these issues are not moot, Petitioner was neither entitled to release nor appointment of counsel because both are reserved only for exceptional cases—not cases where petitioners merely survived summary dismissal under Rule 4, contrary to his speculation. *See, e.g.*, *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Baxter v. Washburn*, No. 19-5323, 2019 WL 2897505, at *1 (6th Cir. May 23, 2019).

Accordingly, the Court: (1) **ADOPTS** in its entirety the Report and Recommendation of the Magistrate Judge (Doc. No. 61); (2) **DENIES AS MOOT** Petitioner's remaining and unrelated objections (Doc. Nos. 42, 50, 53); (3) **DENIES WITH PREJUDICE** Petitioner's petition for a

writ of habeas corpus (Doc. No. 3); (4) **DENIES** Petitioner a certificate of appealability; (5) **CERTIFIES** that any appeal would be objectively frivolous and **FINDS** that *in forma pauperis* status should be denied on appeal; and (6) **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

  March 16, 2023                                   s/ Michael J. Newman
                                                          Hon. Michael J. Newman
                                                          United States District Judge